Nathaniel R. Winslow, Jr. v. Commissioner.
Winslow v. Commissioner
Docket No. 3645-70 SC.
United States Tax Court
T.C. Memo 1971-184; 1971 Tax Ct. Memo LEXIS 147; 30 T.C.M. (CCH) 769; T.C.M. (RIA) 71184; July 29, 1971, Filed Nathaniel R. Winslow, Jr., pro se, 108ridgewood Rd., Glastonbury, Conn. Rufus H. Leonard, Jr., for the respondent. INGOLIA
Memorandum Findings of Fact and Opinion INGOLIA, Commissioner: The respondent determined deficiencies in the petitioner's income tax for the years 1966 and 1967 of $264 and $301.26, respectively. The issue involved is whether the petitioner furnished more than one-half the support of either of his two children during the taxable years as required by section 152 of the Internal Revenue Code of 1954. [1]
*148 Findings of Fact Some of the facts have been stipulated and the stipulation of facts together with the exhibits attached thereto are incorporated herein by reference. Petitioner was a resident of Glastonbury, Connecticut, at the time the petition herein was filed. For the taxable years 1966 and 1967, the petitioner filed individual Federal income tax returns with the District Director of Internal Revenue at Hartford, Connecticut. In 1959, the petitioner married Carol F. Winslow. They have two children, Robbins, who was born in 1961, and Sara, who was born in 1964. On February 16, 1967, the petitioner and his wife entered into a separation agreement under which the petitioner contracted to pay his wife $20 per week per child for the support of the children until they reached the age of 21. Mrs. Winslow received custody of the children. The agreement also contained the following provision: "Unless Wife in the future is able to prove that she provides over 50% of the support of one or more of said infant children, Husband shall be deemed to have provided over 50% of said support and shall be entitled to claim said child as an exemption for income tax purposes, and Wife agrees *149 to make no such claims for tax purposes." In 1966, the petitioner provided $749.91 for Robbins and $663.41 for Sara. In each year the children lived with their mother at the home of her parents. The maternal grandparents provided support for the grandchildren in excess of the amounts furnished by the petitioner in 1966 and 1967, and in excess of one-half of the total amounts expended to support Robbins and Sara in 1966 and 1967. Opinion The question presented is whether the petitioner is entitled to dependency exemptions under section 151(a) and (e)(1). [2] The petitioner has the burden of establishing that the amounts he contributed toward the support of his children exceded onehalf of their total support. Unfortunately, not only has the petitioner failed to sustain that burden in this case but he has actually stipulated facts to the contrary. He has stipulated that in 1966 and 1967 his children lived with their maternal grandparents who "provided support" in excess of the amounts expended by the petitioner. None of the cases cited by the petitioner overcome the legal effect of the facts as stipulated. *150 In his brief, the petitioner also argues that: "If the provisions of the Internal Revenue Code and Petitioner's Separation Agreement in any way conflict, the Court has, in the name of simple justice, an obligation to seek an equitable settlement 770 of this matter. Since Petitioner never conceived that the maternal grandfather could, as a third party, covertly seek to defeat Paragraph 11 of Petitioner's Separation Agreement; and since Petitioner's former wife made no claim of Petitioner's two children as dependents for 1966 and 1967 (which she could have done if she had provided more than one-half the support); Petitioner respectfully asks the Court to affirm his right to the dependency exemptions for his two children for 1966 and 1967." These arguments are not without merit. However, the inequity results primarily from the terms of the separation agreement and not from the tax law itself. For it is clear that even if the actions of the grandparents were gratuitous and were motivated to circumvent the terms of the separation agreement and even if no complaint was made respecting the inadequacy of the child support payments made by the petitioner - the law requires that he *151 furnish over onehalf of the total support of his children and his failure to meet the requirement is fatal to his case. For the above reasons, we sustain the respondent's determination. Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered under Rule 50. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted.↩
2. SEC. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS. (a) Allowance of Deductions. - In the case of an individual, the exemptions provided by this section shall be allowed as deductions in computing taxable income. * * * (e) Additional Exemption for Dependents. - (1) In general. - An exemption of $600 for each dependent (as defined in section 152) - (A) whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $600, or (B) who is a child of the taxpayer and who (i) has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins, or (ii) is a student.↩